IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAMON CHARLES WILLIAMS, Solomon Flowers Estate, | )<br>)<br>) |
| Petitioner, | )<br>) No. 20 C 759 |
| v. | )<br>) Judge Virginia M. Kendall |
| COUNTY OF COOK, et al., | )<br>)<br>) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

In this Court's previous Order issued on March 5, 2021, the Court granted Respondents' Motion to Deny Confirmation and Vacate the Arbitration Award. (Dkt. 31). The Court, taking judicial notice of filings that Respondents attached, as well as conducting its own research, found that this is not Williams first attempt at filing fraudulent cases with the attempt at gaining large sums of money through the use of phony arbitration agreements.[1] What makes Williams' actions all the more troubling here is that Williams attempted to conduct this fraud against Cook County, for which taxpayers would have been on the line had Williams' fraud been successful.

The Court ordered Williams to show cause as to why sanctions should not issue, whether he should be referred to the Executive Committee of this Court to prevent him from filing fraudulent lawsuits in the future, and whether the Court should refer the matter to the United States Attorney for review of whether he should be investigated for obstruction of justice. Williams has now filed a Response, wherein he does not attach a legitimate arbitration agreement. Williams claims he is unschooled in law, but he certainly has not had an issue in filing several fraudulent cases throughout the United States. Williams also claims he does not know what a "legitimate arbitration agreement" is, which the Court requested he attach. A legitimate arbitration agreement is one signed by both parties with consent in accordance with the Federal Arbitration Act; not the clearly fake documents Williams submitted that was only signed by him.

Williams only defense is that he filed this case after the *Williams v. Laimana*, SA CV 20-01110-DOC-ADS, 2020 WL 8262400, *2–*3 (C.D. Cal. Dec. 22, 2020) for which he was sanctioned almost $15,000, so the Court's statement that "the fact that he was sanctioned and then attempted to try his hand again in a different jurisdiction is deeply troubling" is factually incorrect. (Dkt. 31 at 9). The Court clarifies: the fact that Williams filed multiple fraudulent cases attempting

---

[1] Williams was already sanctioned approximately $15,000 for a similar scheme in California. *Williams v. Laimana*, SA CV 20-01110-DOC-ADS, 2020 WL 8262400, *2–*3 (C.D. Cal. Dec. 22, 2020).

to acquire large sums of money through fraudulent arbitration agreements contemporaneously, was then sanctioned $15,085, and then did not withdraw the instant case and continued to file on this docket, is deeply troubling.

Under Rule 11(c), sanctions may be imposed on a party for "making arguments or filing claims that are frivolous, legally unreasonable, without foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) (defining "frivolous argument or claim" as "one that is baseless and made without a reasonable and competent inquiry."). The rule "is principally designed to prevent baseless filings." *Royce*, 950 F.3d at 957 (citing *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2002)). Rule 11 sanctions are to be imposed sparingly. *Hartmax Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003). To impose any sanction under the Federal Rules of Civil Procedure or in the exercise of the Court's inherent authority—including dismissal with prejudice—the Court must find by at least a preponderance of the evidence that a party or attorney engaged in sanctionable conduct. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776–82 (7th Cir. 2016). District courts also have inherent power outside of the Rules to sanction parties for abusing the judicial system or acting in bad faith in the course of litigation. *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004) (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 46 (1991)).

Williams claims he is unschooled in law, but as the Court in *Williams*, 2020 WL 8262400, at *2 stated, "[w]hile the relative lack of legal expertise of the average *pro se* Petitioner should be taken into account in determining whether sanctions are appropriate, Petitioner's filings go well beyond mistakes attributable to a lack of legal expertise. They constitute systemic, fraudulent misuse of the legal system." In this Circuit as well, *pro se* litigants are not excused from the monetary sanctions available under Federal Rule of Civil Procedure 11. *See Dix v. Edelman Financial Services, LLC*, 978 F.3d 507, 521 (7th Cir. 2020); *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990); *Reis v. Morrison*, 807 F.2d 112, 113 (7th Cir. 1986).

Williams was surely on notice that continuing his case could result in the issuance of sanctions since he was sanctioned for similar conduct before Judge Carter on December 22, 2020. Rather than drop his case or admit that the arbitration agreement was fraudulent, Williams continued to litigate his case in this District, including filing a 10-page Response wherein he continued to represent to the Court the legitimacy of his award. (*See* Dkt. 30). The fact that Williams availed himself of the resources of this Court to attempt to procure a fraudulent award that the taxpayers of Cook County would have been on the line for, thereby forcing the already-busy Cook County attorneys to respond to the lawsuit in the process, is conduct that is befitting the imposition of sanctions.

Because Williams has failed to produce a legitimate arbitration award with Cook County and because the Court finds Williams's conduct so egregious, the Court imposes sanctions in the form of the cost of Cook County's attorney fees and costs for defending this frivolous lawsuit. The County shall file its fee petition on or before 6/4/2. The Court further refers Williams to the Executive Committee of the Court to prevent him from filing fraudulent lawsuits in the future.

_____
Virginia M. Kendall
United States District Judge

Date: May 24, 2021